AUGUSTINE ROTIBI , pro se

22287 Mulholland hwy #660

Calabasas , Ca 91302

TEL: 310-490-7339

Email : aug60rot@aol.com

FILED
Superior Court of California
County of Los Angeles

JUN 06 2022

Sherri R. Carter, Executive Officer/Clerk of Court
By: M. Young II, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

Augustine Rotibi ,

　　　　Plaintiff,

v.

Cox Enterprises Inc.　,

　　　　Defendant.

Case No.: 22SMCV00830

COMPLAINT FOR DAMAGES FOR:

Collusion

Fraud

Unfair business practices

[ ] LIMITED CIVIL CASE: AMOUNT DEMANDED DOES NOT EXCEED $25,000.

[x] UNLIMITED CIVIL CASE: AMOUNT DEMANDED EXCEEDS $25,000.

## COMPLAINT

COMES NOW Plaintiff , **Augustine Rotibi** , pro se , and hereby moves this Honorable Court for judgement against defendant , **Cox Enterprises Inc.** , and in support thereof states as follows :

### Parties

1. At all times relevant to the allegations contained herein , Plaintiff was , and still is ,

a resident of Los angeles California.

2. At all times relevant to the allegations contained herein, **Cox enterprises Inc.**, is the owner of **Cox Automotives Inc.**, operator of **Manheim**, the automobile auction operation that operates in the state of California.

3. Defendant, **Cox enterprises Inc.**, is a Georgia corporation with its principal place of business in the **State of Georgia** and was at all time pertinent herein operates its automobile auctions business through its subsidiary, **Manheim Inc.**, here in the **state of California**.

### Jurisdiction & Venue

4. Jurisdiction over defendant, **Cox enterprise Inc.**, is proper under California Code of Civil Procedure 410.10.

5. The Court has general personal jurisdiction over defendant, **Cox enterprise Inc.**, because it has had and still have substantial business operation in California especially through its subsidiary, **Manheim Inc.**, automobile auctions operation and it is qualified to do business here in California.

6. Plaintiff Augustine Rotibi resides in Los Angeles county California where he operates his Automobile wholesale dealership which is license by the California department of motor Vehicle, hereby giving this **Honorable Court** proper jurisdiction over Plaintiff's Claim.

7. The Court has a jurisdiction over this matter pursuant to Code of Civil Procedure 395, because at all time relevant, Defendant, **Cox enterprise Inc.**, subsidiary **Manheim Inc.**, does business in the state of California and events originate in the State of California where Plaintiff is a resident of, residing in the county of los angeles as well as operating its wholesale dealership from

## STATEMENT OF FACTS

8. Plaintiff Augustine Rotibi, is a license whole sale automobile Dealer in the State of California.

9. Plaintiff is a registered member of defendant automobile auction house operated by **Manheim Inc.**, which requires dealership license as one of their main requirement to be allowed as a member.

10. Defendant auction operation involves dealers buying and selling their vehicles on the platform with condition of auction vehicles fully disclosed by all sellers before being offered for sale.

11. Defendant also operates an in-house finance plan that is referred to as a flooring for qualified dealers. Plaintiff did not qualify for defendants finance plan but was able to obtain a floor plan from another finance company.

12. Defendant auction house operates live auction as well as virtual auction. Defendant charges buyers and sellers fees for their transactions. Defendant also charge fees to certify sellers vehicles for sale. This certification is greatly relied on by Plaintiff and other buyers from the sellers

13. Defendant term of use does not excuse for liability exposure for the claims Plaintiff is making in this action.

14. Plaintiff purchased 12 vehicles through defendant auction platform and observed patterns of business practices that arises to the claim being made against defendant.

15. Defendant has allowed vehicles defected to be sold to Plaintiff without fully disclosing the true condition as required on their platform and using their arbitration process to facilitate the sale.

16. Defendant is the agent for the seller, the buyer as well as the arbitrator for any dispute that might arise from the transaction between the sellers and the buyers, which in this case was the undisclosed accidents of the automobiles sold to Plaintiff on four of the vehicles that was sold to Plaintiff and were arbitrated by defendant with full knowledge of the deception by seller but still allowed the sale to proceed.

17. Defendant withdrew unauthorized funds for two of the vehicle disputed from Plaintiff Floor plan account with its Floor Plan financial institution . even after defendant clearly acknowledged damages that was not disclosed by the seller claiming their cost for repair was below arbitration cost allowed contrary to an independent appraisers cost to repair those vehicles . Upon plaintiff protesting the unauthorized withdrawal from his floor plan account to his floor plan financial institution , both defendant and the plaintiff floor plan financial institution never address the unauthorized withdrawal by claiming defendan6t never responded to their inquisition about the unauthorized withdrawal.

18. Plaintiff floor plan financial institution is Kinetic Advantage LLC, an independent financial institution from the defendant privately owned institution, NextGear Capital . but operates as if they are owned by the defendant, by allowing Plaintiff account to be accessed without plaintiff authorization for withdrawals from his line of credit.

19. Plaintiffs bought total 12 vehicles through the defendants auction operation from Jan. 12, 2022 to Mar. 18, 2022, arbitration were initiated by plaintiff on 4 vehicles and one was initiated by a seller to terminate a sale . a successful arbitration will result in defendant relinquishing fees from both sellers and buyer hereby creating an apparent conflict of interest for defendant as the arbitrator.

20. Defendant suspended Plaintiff participation in all auction activities that he operates, claiming that they receive a default information from my floor plan financial institution, Kinetic Advantage Inc. Defendant action was unexpected since they claim no ties to my Floor Plan financial institution. Upon inquiring the defendant action to my financial institution, they asserted they never made such claim to defendant, meaning that they must be working in secrecy with plaintiff floor plan financial institution.

21. Defendant termination of Plaintiff auction access membership with their claim explained what secrecy exist between defendant and my floor plan financial institution, this explains why Plaintiff floor plan financial institution allows defendant to access plaintiff's line of credit without his authorization and also never fully inquirer about defendant's action as claimed to Plaintiff as to defendant unauthorized withdrawal.

22. Defendant was coordinating plaintiff business opportunity with a third party, meaning kinetic Advantage Inc., the Plaintiff floor plan financial institution by terminating plaitiff's auction access membership based on the presumption that kinetic Advantage Inc. was defaulting plaintiff's floor plan account.

23. Defendant is withholding plaintiff's replacement duplicate titles for vehicles bought through their auction house which was paid for, was sent to defendant by the seller of those vehicles because of their role as the broker of the transactions through their auction house, to replace the lost original titles by the Plaintiff.

24. Plaintiff has incurred enormous losses in the dispositions of most of the vehicles due to the undisclosed damages that were not disclosed before the vehicles were offered for sale to the Plaintiff with the defendant allowing the sale through their arbitration process which was done with a direct conflict of interest.

## CAUSE OF ACTION

25. Plaintiff, Augustine Rotibi, repeats and incorporates all the above statement of facts, hereby bring forth the following claims and allegations in support of this cause of action;

## COUNT 1. COLLUSION.

26. Plaintiff repeats and incorporates by reference all the above statement of facts, alleges defendant cancellation of Plaintiff membership from Defendant auction platform due to presumption of Plaintiff's default on its floor plan account with Plaintiffs financial institution, **Kinetic Advantage Inc**. its a collusion. Defendant, **Cox Enterprise Inc.** colluded with Plaintiff Floor plan Financial institution, **Kinetic Advantage Inc.**, When all or more of the following acts occurred:

**a.** Defendant unauthorized withdrawal of fund from Plaintiff floor plan account without any accountability or legitimate inquiry by Plaintiff floor plan financial institution, **Kinetic Advantage Inc.**, implies a secret cooperation since the Floor plan asserted its independent from the Defendant Auction subsidiary.

b. Defendant termination of Plaintiff membership on their platform based on an assumed default of account with Plaintiff Floor plan financial institution, Kinetic Advantage Inc. confirms a secret cooperation.

c. Plaintiff Floor plan financial institution allowing an unauthorized withdrawal from plaintiff account demonstrated a possible secret cooperation.

d Defendant termination of Plaintiff membership as caused plaintiff both financially and emotionally.

6

## COUNT 11 . FRAUD

27. Plaintiff repeats and incorporates all the above statement of facts in making this cause of action claim for fraud, hereby alleges that defendant facilitated sales of vehicle that were damaged with undisclosed accidents through their arbitration process and unauthorized withdrawal from Plaintiff floor plan account, were fraudulent. Plaintiff asserts the following defendant acts in support of this claim:

   a. Defendant allowing the sale of four of the five vehicles arbitrated for undisclosed damages and accidents by sellers as required on their platform helped to facilitate Plaintiff transactions fraud claim.

   b. Defendant unauthorized withdrawal of funds from Plaintiff floor Plan Account for two of the vehicle arbitrated and never wanted to pay for with a floor plan.

   c. Defendant allowed misrepresented vehicles by sellers to be sold to Plaintiff claiming to be arbitrated through their process not considering the public record of some of the undisclosed accidents which plaintiff shared with defendant.

   d. Defendant secret cooperation with Plaintiff financial institution that facilitate the withdrawal of funds from Plaintiff floor plan, allowing the defendant free access to Plaintiff line of credit.

28. Defendant action rises to the cause of action claim for fraud, resulting in plaintiff financial losses and deprivation of business opportunities.

## COUNT 111. UNFAIR BUSINESS PRACTICES

28. Plaintiff repeats and incorporates all the above statement of facts in making this cause of action claim for unfair business practices, hereby alleges that defendant facilitation of sellers misrepresented vehicles sold to Plaintiff through their auction platform, compounded with defendant arbitration process validation and the unauthorized funds defendant withdrew from Plaintiff's Floor plan account. Plaintiff asserts the following defendant acts in support of this claim:

a. Defendants validation of vehicle sold to Plaintiff after being arbitrated for not disclosing the accident history before being offered for sale on defendant auction platform.

b. Defendant unauthorized withdrawal of funds from Plaintiff floor plan account credit line.

c. Defendant conflict of interest as an agent for sellers and buyers, in this instance Plaintiff and as the arbitrator of any dispute arising from the transactions.

d. Defendant conflict of interest as the agent for all parties involved in auction transactions as well as the the arbitrator for conflict creates a financial interest for defendant to maintain statue quo.

## PRAYER FOR RELIEF

WHEREFORE, all of the foregoing premises having being considered, Plaintiff Augustine Rotibi, demands judgment against defendant COX ENTERPRISE INC., for the amount of **One Million five hundred Dolllars ($1,500,000.00)** in direct compensation, or other amount as determined by the fact finder, plus cost, fees, prejudgment interest, along with any other appropriate relief the court may determine is warranted and **PUNITIVE Damages**.

Date : JUNE 8, 2022

Respectfully Submitted

*[signature]*

Augustine Rotibi
22287 Mulholland HWY #660
Calabasas California
Tel. 310-490-7339
Email . aug60rot@aol.com
Pro se Litigant