UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04708-RGK-JEM | Date | August 25, 2022 |
|---|---|---|---|
| Title | *Augustine Rotibi v. Cox Enterprises, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss [DE 8]

### I. INTRODUCTION

On June 6, 2022, Augustine Rotibi ("Plaintiff") filed a complaint in the Los Angeles County Superior Court against Cox Enterprises Inc. ("Defendant"), alleging collusion, fraud, and unfair business practices. Plaintiff's claims center around purchases he made at an automobile auction operated by Defendant's subsidiary. On July 11, 2022, Defendant removed the action to this Court.

Presently before the Court is Defendant's Motion to Dismiss for lack of personal jurisdiction (the "Motion"). For the following reasons, the Court **GRANTS** Defendant's Motion.

### II. FACTUAL BACKGROUND

Plaintiff's Complaint alleges that he is a wholesale auto dealer who purchased cars from Defendant's subsidiary, Manheim Investment Inc. ("Manheim"), an automobile auction house. To participate in the automobile auction, Plaintiff obtained a line of credit (a "floor plan") from Kinetic Advantage LLC ("Kinetic"), a finance company. Plaintiff then purchased four vehicles which contained undisclosed defects, which Defendant was aware of prior to sale. Defendant's alleged malfeasance did not stop there, however. Plaintiff alleges that Kinetic improperly informed Defendant that Plaintiff had defaulted on his floor plan and allowed Defendant to withdraw unauthorized funds from Plaintiff's account. Plaintiff then initiated arbitration over the four defective automobiles, and he alleges that Defendant acted unfairly during the arbitration process.

Defendant is incorporated in Delaware and has its principal place of business in Georgia. (Avila Decl. ¶ 2, ECF No. 8.) Defendant owns several subsidiaries, which in turn own numerous subsidiaries engaged in a wide variety of businesses. (*Id.* at ¶ 3-9.) Manheim is an indirect subsidiary of Defendant,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04708-RGK-JEM | Date | August 25, 2022 |
|---|---|---|---|
| Title | *Augustine Rotibi v. Cox Enterprises, Inc.* | | |

and Defendant has no direct involvement in Manheim's operations. (*Id.*) Defendant is not registered, licensed, or otherwise qualified to do business in California. (*Id.*)

### III. JUDICIAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), a party may seek dismissal of an action for lack of personal jurisdiction. Once a party seeks dismissal under Rule 12(b)(2), the plaintiff has the burden of demonstrating that personal jurisdiction exists. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where the motion is based on written materials rather than an evidentiary hearing, the Court "inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995). Although the plaintiff cannot "simply rest on the bare allegations of its complaint," uncontroverted allegations in the complaint must be taken as true. *Amba Marketing Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1997).

### IV. DISCUSSION

Defendant argues that the Court must dismiss the action for lack of personal jurisdiction. The Court agrees.

At the outset, the Court notes the deadline for Plaintiff to file an opposition was August 1, 2022. As of the issuance of this Order, Plaintiff has failed to file an opposition. "[F]ailure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D Cal. L.R. 7-12. Therefore, the Court can grant the Motion on these grounds alone.

Even if Plaintiff had timely opposed, the outcome would almost certainly be the same. Generally, courts have "recognized two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1779–80 (2017). For general jurisdiction to exist, a defendant must engage in "continuous and systematic general business contacts" with the forum state. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). Defendant is a Delaware corporation and has its principal place of business in Georgia. There is no evidence that Defendant has systematic or general business operations in California. Therefore, the Court cannot exercise general personal jurisdiction over Defendant.

The Court also does not have specific personal jurisdiction over Defendant. "A forum may assert specific jurisdiction over a nonresident defendant where an alleged injury arises out of or relates to actions by the defendant himself that are purposefully directed toward forum residents, and where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04708-RGK-JEM | Date | August 25, 2022 |
|---|---|---|---|
| Title | *Augustine Rotibi v. Cox Enterprises, Inc.* | | |

jurisdiction would not otherwise offend fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 463 (1985). Here, Plaintiff's injury does not arise out of or relate to Defendant's acts. At most, Plaintiff has alleged that his injury arises from the actions of Defendant's indirect subsidiary, Manheim, which is not a party to this action. But "[i]t is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003). To the extent any exceptions to the general rule may apply—such as where the subsidiary is the parent's agent or alter-ego—Plaintiff has not demonstrated they exist.

**V.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre/a |